UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| MICHAEL A. CARNACCHI, | No. C 11-06339 LB |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION ND, U.S. BANCORP, and DOES 1 through 13, | |
| Defendants. | |

# I. INTRODUCTION

Since 2009, Plaintiff Michael Carnacchi has challenged U.S. Bank ND's collection of his credit card debt by raising claims in state and federal court. This federal lawsuit started as a putative class action that alleged that U.S. Bank charged usurious credit card interest rates, damaging him and a class of California residents. *See* Compl., ECF No. 1.[1] This court dismissed the first complaint but gave Carnacchi leave to amend to challenge the post-judgment interest assessed against the judgment that U.S. Bank ND obtained against him in state court. *See* 7/5/12 Order, ECF No. 38 at 18. Carnacchi filed a First Amended Complaint raising that claim, and U.S. Bank now moves to dismiss the complaint. Pursuant to Civil Local Rule 7-1(b), the court finds these matters suitable for

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers as the top of the document.

ORDER (C 11-06339 LB)

1  determination without oral argument, GRANTS U.S. Bank's motion, and dismisses Carnacchi's
2  complaint without leave to amend.

## II. BACKGROUND

### A. Carnacchi's Previous Claims

The history of the case is in the court's July 5, 2012 order. *See* ECF No. 38. The facts relevant to the pending motion are as follows. In October 2005, Carnacchi accepted U.S. Bank ND's offer for a credit card. First Am. Compl. ("FAC"), ECF No. 40, ¶ 12. Carnacchi eventually defaulted on his credit card and U.S. Bank ND filed a collection action against him in 2009. *Id.* ¶ 13. Carnacchi, representing himself, filed a cross-complaint accusing U.S. Bank ND of charging interest rates that were illegal and usurious under 12 U.S.C. § 85. *Id.* The Sonoma County Superior Court sustained U.S. Bank ND's demurrer on Carnacchi's cross-complaint and granted it judgment on the pleadings in the collection action. *See* Order, ECF No. 38 at 5-6. In 2011, the state court entered judgment against Carnacchi for his unpaid credit card balance, plus interest, attorneys' fees, and costs, totaling $49,097.57. FAC, ECF No. 40, ¶ 13.

Carnacchi subsequently filed this federal lawsuit against U.S. Bank ND, U.S. Bancorp, and 13 unnamed defendants in his individual capacity and on behalf of a class of similarly situated California residents. *See* Compl., ECF No. 1. Carnacchi's initial complaint alleged that U.S. Bank ND is not lawfully located in North Dakota and, therefore, "it cannot rely on North Dakota's interest rate and usury laws to charge California borrowers in excess of the 7% limit fixed by Title 12 U.S.C. § 85." *Id.* ¶ 11. The gist of Carnacchi's allegations was that the Federal Reserve System's Board of Governors ("FRB") ordered U.S. Bancorp to divest U.S. Bank ND but that Bancorp evaded this requirement by procuring unconstitutional special legislation in North Dakota that created a loophole in the law. *See id.* ¶¶ 8-10. Carnacchi alleged claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 12 U.S.C. § 1961, *et seq. Id.* at 4-6.

While the motion to dismiss was pending, Carnacchi filed a letter brief suggesting that some of his arguments might allow a claim challenging the interest assessed to the state court judgment against him. *See* 6/13/12 Letter, ECF No. 37. Carnacchi alleges that on June 11, 2012, Nelson & Kennard, the law firm that represented U.S. Bank in the state court action, informed him that he

owed U.S. Bank $5,479.15 in post-judgment interest in addition to the $49,097.57 assessed by the state court. First Am. Compl. ("FAC"), ECF No. 40, ¶ 14. Nelson & Kennard explained that post-judgment interest was accruing at a rate of 10% per annum. *Id.* In the June 13, 2012 letter, Carnacchi argued that it was illegal for U.S. Bank to charge this interest rate and that this claim would not be barred by res judicata. 6/13/12 Letter, ECF No. 37. On July 5, 2012, the court dismissed all of Carnacchi's claims with prejudice but permitted him to file an amended complaint to bring the claim mentioned in the June 13, 2012 letter. *See* Order, ECF No. 38 at 18.

**B. Carnacchi's Attempts to Pay Post-Judgment Interest**

After the court dismissed Carnacchi's complaint, Carnacchi tried to perfect his new claim against U.S. Bank by paying some of the interest on his state court judgment. As Carnacchi explains in additional correspondence he filed with the court, on July 13, 2012, Carnacchi sent Nelson & Kennard a $50.00 money order with instructions that the funds be applied to his debt. 8/1/12 Letter, ECF No. 42. Attached to Carnacchi's letter are postal receipts purportedly showing that Nelson & Kennard received his correspondence and money order on July 16, 2012. *Id.*

On July 16, 2012, Carnacchi filed his First Amended Complaint. ECF No. 40. In the FAC, Carnacchi restates his allegation that Bancorp procured unconstitutional special legislation in North Dakota in order to avoid divesting U.S. Bank ND, as required by the FRB. FAC, ECF No. 40, ¶¶ 9-11.

In an August 1, 2012 letter filed with the court, Carnacchi further explains the procedural history of the dispute. *See* 8/1/12 Letter, ECF No. 44. According to this letter, on July 16, 2012, Carnacchi spoke with Robert Fineman, U.S. Bank's attorney in this action. *Id.* at 1-2. Carnacchi states that during that conversation Fineman told him that U.S. Bank was waiving its right to collect interest on the state court judgment. Opp'n, ECF No. 44 at 4.

Carnacchi explains that U.S. Bank subsequently attempted to return Carnacchi's $50.00 money order, but Carnacchi had not accepted, and was not likely to accept, the return of his first payment, which would eventually be destroyed by the USPS. *Id.* at 2. Carnacchi's letter also states that he was enclosing another $50.00 money order to be applied to the interest on his debt and requests that Fineman also apply the unaccepted $50.00 money order to his account. *Id.*

ORDER (C 11-06339 LB) 3

In an August 17. 2012 letter filed with the court, Carnacchi wrote to Fineman stating that he would not accept delivery of an envelope U.S. Bank sent him because he

> suspected that the envelope from U.S. Bank contained an attempt to waive the post-judgment interest already charged to me and just like the plaintiffs in *Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326 (1980), I categorically refuse to accept any tender of judgment by U.S. Bank ND in its effort to "pick off" my individual claim in order to evade the pending class-action.

8/21/12 Letter, ECF No. 47. In the same letter Carnacchi claims that "the only attorney that is lawfully capable" of waiving post-judgment interest in the state court action is the attorney of record in that action. *Id.*

## C. Carnacchi's First Amended Complaint

Carnacchi's First Amended Complaint alleges that the rate of interest U.S. Bank charged him for the outstanding state court judgment is illegal and prohibited by 12 U.S.C. § 85, article XV of the California Constitution, and California Civil Code § 1916-1, *et seq. Id.*, *passim*. In addition, Carnacchi brings a claim for common-law misrepresentation. FAC, ECF No. 40, ¶¶ 37-40. As remedies for these alleged violations, Carnacchi seeks:

1. Orders requiring U.S. Bank to pay him two and three times the post-judgment interest accrued in his case, *id.* ¶¶ 44-45;

2. Orders requiring U.S. Bank to repay two and three times "the amount of all interest paid over 7% per annum to all other U.S. BANK ND borrowers in California commencing one year prior to the date of filing this First Amended Complaint . . . . *id.*;

3. An order requiring U.S. Bank to contact the putative class members, *id.* ¶ 46;

4. An order declaring unconstitutional "the special legislation in the State of North Dakota that excepts only U.S. BANK ND from the State's statutory age requirements . . . ." *id.* ¶ 47;

5. An order requiring U.S. Bancorp to divest U.S. Bank ND, *id.* ¶ 48;

6. An order requiring U.S. Bank to stop making loans in California at interest rates greater than 7% per annum, *id.* ¶ 49;

7. An order requiring U.S. Bank to pay punitive damages, *id.* ¶ 50; and

8. An order granting Carnacchi costs and, if applicable, attorney's fees, *id.* ¶ 51.

*Id.* ¶¶ 44-52.

ORDER (C 11-06339 LB)  4

### III. LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parenthetical omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). This is particularly true where a plaintiff represents himself *pro se*. "A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

### IV. DISCUSSION

U.S. Bank moves to dismiss the FAC and alleges that it suffers from several defects: (1) Carnacchi's claims are moot because U.S. Bank has waived its claim to post-judgment interest on the state court judgment; (2) the FAC is based on federal usury statutes that do not govern the rate of interest accruing on a state court judgment; (3) Carnacchi cannot state a claim for usury because he

1 does not allege to have paid any interest; (4) Carnacchi's misrepresentation claim fails because it
2 exceeds the scope of the court's leave to amend; and (5) Carnacchi's claims fail as to U.S. Bancorp
3 because it is not the judgment creditor against Carnacchi.

### A. Carnacchi's Usury Claims Are Moot Because U.S. Bank Waived Post-Judgment Interest

U.S. Bank contends that Carnacchi's claims are moot because it has waived any claim to post-judgment interest. Mot., ECF No. 41 at 4, 6. Carnacchi counters that U.S. Bank's waiver was ineffective because Fineman is not attorney of record in the state court suit and because U.S. Bank's actions are an improper attempt to 'buy off' Carnacchi as a class representative. Opp'n, ECF No. 44 at 9-10.

Carnacchi's objection to the sufficiency of U.S. Bank's waiver is incorrect. Carnacchi cites no authority for the proposition that no attorney other than an attorney of record in one matter can waive a party's right to collect post-judgment interest. Even if Fineman were not authorized to speak for the pre-judgment interest issue previously (and Carnacchi fails to explain why not), he is now: the FAC is premised on the theory that U.S. Bank's charging 10% interest on his judgment is illegal. In a pleading submitted in this matter, U.S. Bank has waived its right to charge such interest. *See* Mot., ECF No. 48. The court, therefore, finds that U.S. Bank has waived any right to collect post-judgment interest on the outstanding balance in the state court action with Carnacchi.

Similarly unavailing is Carnacchi's argument that U.S. Bank is improperly attempting to 'buy off' his claims. *See id.* at 10. Carnacchi relies on *Deposit Guaranty Nat. Bank v. Roper*, in which the Supreme Court held that putative class representatives' claims were not mooted for purposes of appealing a judgment where, following denial of class certification, the defendant tendered to each class representative the maximum amount of damages claimed and the district court entered judgment over their objections. 445 U.S. 326, 339 (1980). The court reasoned that to hold otherwise would often preclude appellate review of orders denying class certification because a defendant could just buy off the representative plaintiffs and moot the appeal.

Carnacchi's situation is distinguishable because the FAC does not adequately allege a class action. Carnacchi fails to allege facts sufficient to support any of the class action prerequisites under Federal Rule of Civil Procedure 23(a), and he does not allege facts showing grounds for class

ORDER (C 11-06339 LB)                                      6

certification under Rule 23(b). *See* FAC, ECF No. 44. The FAC merely alleges that "Plaintiff MICHAEL A CARNACCHI brings this action individually and on behalf of the class of all California residents who entered into credit card contracts with U.S. BANK NATIONAL ASSOCIATION ND and were charged, are being charged, or have judgments entered against them at a rate of interest greater than the 7% per annum fixed by Title 12 U.S.C. § 85." *Id.* ¶ 8. Such conclusory allegations are insufficient under *Iqbal* and *Twombly*.

Even if Carnacchi had sufficiently alleged claims for class relief, he was not granted leave to amend to state class claims. In dismissing Carnacchi's original complaint, the court stated: "Carnacchi filed a letter brief suggesting that some of his arguments might allow a claim challenging the interest assessed to the judgment *against him*. . . . Under the circumstances, Carnacchi has 28 days to file an amended complaint." Order, ECF No. 38 at 18 (emphasis added). The order granted Carnacchi leave only to seek redress for his own claim. And to the extent Carnacchi purports to state class claims based on interest accruing on credit card debts rather than post-judgment interest, the court has already found such claims barred by res judicata. *See* Order, ECF No. 38 at 14-16. Accordingly, the court dismisses all class allegations (to the extent they were ever adequately alleged).

Because Carnacchi fails to state any class claims, the holding in *Roper* is inapposite. The court, therefore, finds Carnacchi's first, second, and third causes of action moot. Were the court to find otherwise, however, none of Carnacchi's claims would withstand a motion to dismiss.

## B. Carnacchi's Federal Usury Claim

Carnacchi's first cause of action is for usury under 12 U.S.C. §§ 85-86. FAC, ECF No. 40 at 4-6. Carnacchi alleges that U.S. Bank ND cannot charge him more than 7% post-judgment interest because of the 7% interest rate cap he claims is mandated by 12 U.S.C. § 85. "When no rate is fixed by the laws of the State" where the bank is located, that statute imposes a 7% cap on the annual interest rate that a bank may charge "on any loan or discount made, or upon any notes, bills of exchange, or other evidences of debt . . . ." 12 U.S.C. § 85. Where a rate is fixed by the law of the state where the bank is located, that state's usury laws apply. *Id.* Carnacchi alleges that U.S. Bank ND is not "lawfully organized" in North Dakota because U.S. Bancorp allegedly procured

ORDER (C 11-06339 LB)                                     7

unconstitutional special legislation that allowed it to circumvent the FRB order requiring it to divest U.S. Bank ND. *See id.* ¶¶ 15-26. As a result, Carnacchi claims U.S. Bank ND cannot rely on North Dakota's interest rate laws to charge interest rates higher than 7%. *Id.*

U.S. Bank moves to dismiss by pointing out that 12 U.S.C. § 85 does not apply to post-judgment interest because it only governs the "[r]ates of interest on loans, discounts and purchases." Mot., ECF No. 43 at 5 (quoting 12 U.S.C. § 85). In response, Carnacchi claims that 12 U.S.C. § 85 applies to post-judgment interest because such interest can be considered "other evidences of debt" within the meaning of the statute. But Carnacchi provides no authority to support his claim that a judgment is "evidence of debt" within the meaning of 12 U.S.C. § 85. Nor does Carnacchi point to a single case where 12 U.S.C. § 85 was applied to post-judgment interest. Given the dearth of authority to support Carnacchi's argument, the court looks at the plain language of 12 U.S.C. § 85 and finds that the statute does not limit the interest that accrues on an unpaid state court judgment.

The court's conclusion is only bolstered by U.S. Bank's argument that California law provides for a fixed 10% interest rate on post-judgment interest, and that even if 12 U.S.C. § 85 were applicable to U.S. Bank, this statute would governs the post-judgment interest rate. Mot. ECF No. 43 at 5-6; Cal. Code Civ. Proc. § 685.010 ("Interest accrues at the rate of 10 percent per annum on the principal amount of a money judgment remaining unsatisfied."). In response, Carnacchi argues that 12 U.S.C. § 85 preempts section 685.010. Opp'n, ECF No. 44 at 7 (citing *Smiley v. Citibank*, 517 U.S. 735, 744 (1996)). But in reply, U.S. Bank argues that *Smiley* merely stated in dicta that 12 U.S.C. § 85 preempted conflicting state usury laws, not state post-judgment interest laws. Reply, ECF No. 48 at 4. The court agrees that *Smiley* does not hold that 12 U.S.C. § 85 preempts state post-judgment interest statutes. Accordingly, the court GRANTS U.S. Bank's motion to dismiss Carnacchi's first cause of action.

C. **Carnacchi's State Law Usury Claims**

Carnacchi's second cause of action is for violation of Cal. Civ. Code § 1916-1, *et seq.*, an initiative measure from 1919 that limits the interest on a judgment to 7% per annum. *See* Cal. Civ. Code § 1916-1. The penalty provision of that measure provides a cause of action for a person who has "paid or delivered any greater sum or value than is allowed to be received under the preceding

1 sections . . . ." Cal. Civ. Code § 1916-3. U.S. Bank moves to dismiss this claim on the grounds that Carnacchi has not paid any of the post-judgment interest. Mot., ECF No. 43 at 6. Carnacchi disputes U.S. Bank's contention based on his attempts to send $50 money orders to U.S. Bank. Opp'n, ECF No. 44 at 9. Carnacchi argues that he has, thus, satisfied the statute by "delivering" the funds to U.S. Bank. *Id.* The court disagrees with Carnacchi. Assuming that Carnacchi successfully "delivered" the money orders, these would not constitute a "greater sum or value than is allowed to be received under the preceding sections." Carnacchi claims that he was charged 10%, rather than 7% post-judgment interest. Even if the 7% rate applied (it does not), then Carnacchi would owe U.S. Bank more than $100 in post-judgment interest. *See* Comp. Ex. B, ECF No. 40 at 16 (invoice assessing $5,479.15 in post-judgment interest at 10% per annum). As a result, the payment he claims to have delivered would not violate Cal. Civ. Code § 1916-1, *et seq.*, even if those statutes applied. Accordingly the court GRANTS U.S. Bank's motion to dismiss this claim.

## D. Carnacchi's Constitutional Claim

Carnacchi's third cause of action alleges usury under the California Constitution, article XV. Carnacchi alleges that the applicable constitutional provision states: "[t]he rate of interest upon the loan or forbearance of any money, goods, or things in action, or on accounts after demand, shall be 7 percent per annum . . . ." Cal. Const. art. XV, § 1. Carnacchi claims that because U.S. Bank is not a national bank, it cannot claim any exception from this provision. FAC, ECF No. 40, ¶¶ 33-36. U.S. Bank argues that Carnacchi overlooked the portion of the same provision that states: "[t]he rate of interest upon a judgment rendered in any court of this State shall be set by the Legislature at not more than 10 percent per annum." Cal. Const. art. XV, § 1. U.S. Bank argues that Cal. Civ. Code § 685.010, is a legislative provision setting the rate of post-judgment interest at ten percent. In opposition, Carnacchi again quotes the inapplicable section of the California constitution but otherwise fails to respond to U.S. Bank's argument. Because the California constitution expressly permits successful litigants to recover post-judgment interest at 10% per annum, the court GRANTS U.S. Bank's motion to dismiss Carnacchi's second cause of action.

ORDER (C 11-06339 LB) 9

### E. Carnacchi's Misrepresentation Claim

Finally, Carnacchi's "misrepresentation"[2] claim also fails. This claim exceeds the scope of the leave given in the court's prior order. *See* Order, ECF No. 38 at 18. As a result, the court dismisses Carnacchi's claim with prejudice. In the alternative, the court dismisses Carnacchi's claim on its merits. To state a claim for negligent misrepresentation, a plaintiff must allege (1) misrepresentation; (2) without reasonable grounds for believing it to be true; (3) intent to induce reliance on that fact; (4) ignorance of the truth and justifiable reliance by the party to whom the misrepresentation was directed, and (5) damages. *B.L.N. v. Sabo & Deitsch*, 55 Cal. App. 4th 823, 834 (1997). Carnacchi has not and can not allege that his claimed damages (being charged a higher rate of post-judgment interest) was caused by the alleged misrepresentations. Accordingly, the court dismisses Carnacchi's "misrepresentation" claim with prejudice.

### V. CONCLUSION

For the reasons previously stated, the court **GRANTS** U.S. Bank's motion to dismiss and dismisses Carnacchi's claims with prejudice.

**IT IS SO ORDERED.**

Dated: October 1, 2012

LAUREL BEELER
United States Magistrate Judge

---

[2] It is not clear whether Carnacchi's "misrepresentation" claim is for fraud or negligent misrepresentation. Because negligent misrepresentation has a lower pleading requirement, than fraud, the court gives Carnacchi the benefit of the doubt and presumes he intended to state a claim for negligent misrepresentation.